OPINION
{¶ 1} Defendant-Appellant, Tina Crish, appeals from the judgment of the Allen County Court of Common Pleas sentencing her to a five year prison term and ordering her to pay $761,714.76 in restitution. On appeal, Crish argues that her plea was involuntary because the trial court failed to ensure that she understood the nature of the charges against her; that the trial court erred in allowing the State to amend Count III of the indictment; that her guilty plea as to Count III of the indictment was ineffective to establish guilt because the indictment was defective for failing to contain the proper aggregation language required by R.C. 2913.61(C)(4); that she was denied effective assistance of counsel; that her sentencing pursuant to Foster violated due process as an ex post facto law; that her sentence violated R.C. 2929.14(B) because the trial court failed to make the necessary findings for imposition of a non-minimum sentence; that her plea was not knowing, voluntary, and intelligent because the trial court failed to advise her of the change in the sentencing law that occurred after her commission of criminal acts; and, that trial court erred by ordering restitution without considering her ability to pay, as required by R.C. 2929.19(B)(6). Based on the following, we affirm the judgment of the trial court.
 {¶ 2} In March 2007, the Allen County Grand Jury indicted Crish on two counts of aggravated theft, equal to or exceeding $100,000, in violation of *Page 3 
R.C. 2913.02(A)(1), (B)(2), a felony of the third degree, and one count of aggravated theft, equal to or exceeding $500,000, in violation of R.C. 2913.02(A)(2), (B)(2), a felony of the second degree. The indictment arose from a money laundering scheme, where Crish, the owner of 3T Title Agency, and acting as an agent for Security Title Corporation, used customer funds directed to go to mortgage payoffs for her personal use over a period of several months. The loss was ultimately borne by Security Title, which had to properly credit customer accounts. After her indictment, Crish filed a written plea of not guilty to all charges and a motion for a bill of particulars.
 {¶ 3} In May 2007, Crish filed a second motion for a bill of particulars, as the State failed to respond to her earlier motion.
 {¶ 4} In June 2007, Crish filed a motion for sanctions against the State for failure to comply in producing a bill of particulars, and the trial court issued an order compelling the State to provide a bill of particulars. Subsequently, the State filed a motion to amend all three counts of the indictment, which had omitted the actus reus and mens rea elements of the offenses due to a clerical error. Each count of the original indictment read, in pertinent part:
 Tina Crish, whose real and true name is to the Grand Jury unknown, did, without the consent of the owner or person authorized to give consent * * *.
(March 2007 Indictment). *Page 4 
 {¶ 5} The trial court granted the motion to amend the indictment, which now included the following language in each count after "did": "with purpose to deprive the owner of property, knowingly obtain or exert control over said property." (June 2007 Judgment Entry).
 {¶ 6} In July 2007, the trial court held a status hearing, at which Crish indicated that she had no objection to the indictment amendment. Also at the hearing, Crish raised a concern as to the vagueness in the bill of particulars filed by the State. Specifically, Crish indicated that the State needed to identify the number of account files and which account files they planned to use to prove their case at trial, as there were hundreds of files in dispute. The State responded to this request by stating, "[t]his is a continuing course of conduct as we indicted it, over a nine month period. And with the circumstances * * * involved in this case, we don't feel we can be any more specific." (July 2007 Status Hearing Tr., p. 5). The trial court then stated from the bench,
 The court's understanding, based upon what was presented to the court, allegedly this isn't just a matter of twelve or thirteen closings. It's a course of conduct that has to be explained from the beginning to a certain time to show when monies allegedly * * * started missing from various accounts or closing [sic].
 * * *
 Upon just a quick review of this bill of particulars, it says from May 1, 2004 to February 12, defendant received * * * funds from various investors with explicit instructions on their disbursement. You know, that, to me, means that they're going to provide and there's going to be evidence that there's a course *Page 5 of conduct-that the-what these monies-where this money came from, and what happened to it.
(July 2007 Status Hearing, Tr., pp. 6-8).
 {¶ 7} Subsequently, Crish filed a motion for a definite and certain bill of particulars, claiming the State failed to specify the exact act she is accused of doing, and claiming that specific account files from which the alleged theft occurred must be disclosed in order to prepare an adequate defense.
 {¶ 8} In August 2007, Crish filed a motion for a copy of the grand jury testimony.
 {¶ 9} In September 2007, Crish filed a motion in limine to restrict the State's presentation of evidence at trial to only the twelve accounts the State provided her in discovery. At a pre-trial hearing, the trial court addressed, but made no ruling on, the motion for a more definite bill of particulars or the motion in limine, and overruled the motion for a copy of the grand jury testimony, finding no particularized need was adequately shown. The State never provided Crish with an amended bill of particulars.
 {¶ 10} In December 2007, Crish withdrew her plea of not guilty and entered a plea of guilty to the second-degree felony aggravated theft count, in exchange for the State agreeing to dismiss the remaining two third-degree felony aggravated theft counts and to recommend a four year prison term. Before accepting her guilty plea, the trial court conducted a thorough Crim. R. 11 colloquy. Specifically, *Page 6 
the court asked Crish if she understood the charge on Count III of the indictment, which the court read to her. Crish indicated that she understood the charge and all rights she was waiving as set forth under Crim. R. 11. Thereafter, the trial court accepted her plea, noting that it was given knowingly, voluntarily, and intelligently.
 {¶ 11} In February 2008, the trial court sentenced Crish to a five year prison term and ordered her to pay restitution to Security Title Corporation in the amount of $761,714.76. Prior to issuing the sentence, the trial court noted from the bench that it had considered the principles and purposes of sentencing under R.C. 2929.11 through R.C. 2929.19, and that it had considered the pre-sentence investigation report "quite extensively." (Sentencing Hearing Tr., pp. 1-2, 16-17). In addition, Crish apologized for her actions, stating, "[a]nd I do have a lot of remorse for my actions with 3T Title * * *." (Sentencing Hearing Tr., p. 13).
 {¶ 12} It is from this judgment Crish appeals, presenting the following assignments of error for our review.
 Assignment of Error No. I THE PLEA WAS NOT KNOWINGLY, VOLUNTARILY, AND INTELLIGENTLY MADE BECAUSE THE TRIAL COURT EGREGIOUSLY FAILED TO ENSURE THAT THE PROSECUTION MET ITS CONSTITUTIONALLY-MANDATED DUTY TO NOTIFY THE ACCUSED OF THE CHARGES AGAINST HER. *Page 7 
 Assignment of Error No. II THE INDICTMENT FOR COUNT III WAS IMPROPERLY AMENDED BY THE STATE WITHOUT NOTICE TO THE ACCUSED OF THE PROPOSED AMENDMENT AND HEARING ON THAT MOTION PRIOR TO THE TRIAL COURT GRANTING THE AMENDMENT, WHICH CONVERTED AN INDICTMENT THAT ALLEGED NO CRIMINAL CONDUCT TO AN INDICTMENT THAT ALLEGED CRIMINAL CONDUCT, A MATERIAL CHANGE TO THE SAME.
 Assignment of Error No. III THE PLEA AS TO COUNT III WAS INEFFECTIVE TO ESTABLISH GUILT FOR A FELONY OF THE SECOND DEGREE BECAUSE THE INDICTMENT DID NOT CONTAIN THE LANGUAGE REQUIRED BY R.C. 2913.61(C)(4) ALLEGING ANY AGGREGATION PROVISION UNDER (C)(1), (C)(2), OR (C)(3) OF THAT SECTION, WHICH CLEARLY WAS NECESSARY IN LIGHT OF THE BILL OF PARTICUALRS AND DISCOVERY FILED IN THIS CASE.
 Assignment of Error No. IV THE INDICTMENT WAS DEFECTIVE FOR REASONS OF R.C. 2913.61 ERRORS.
 Assignment of Error No. V THE ACCUSED WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL BECAUSE SAID COUNSEL, ALTHOUGH DILIGENTLY ATTEMPTING TO GAIN NOTICE OF THE CHARGES AGAINST HIS CLIENT, ULTIMATELY COUNSELED A PLEA THAT COULD NOT BE VIEWED AS A KNOWING, INTELLIGENT, AND VOLUNTARY PLEA IN LIGHT OF THE DENIAL TO THE DEFENSE OF BASIC NOTICE OF THE CHARGES AGAINST HER. *Page 8 
 Assignment of Error No. VI THE TRIAL COURT IMPOSED A NON-MINIMUM SENTENCE PURSUANT TO AN EX POST FACTO JUDICIALLY-CREATED SENTENCING LAW, IN VIOLATION OF HIS [SIC] RIGHT TO FREEDOM FROM SUCH ENACTMENTS AND IN VIOLATION OF DUE PROCESS, FOR ALLEGED CONDUCT THAT WAS AT LEAST IN PART IF NOT ENTIRELY COMPLETED BEFORE THE FOSTER DECISION OF THE OHIO SUPREME COURT.
 Assignment of Error No. VII THE TRIAL COURT IMPOSED A NON-MINIMUM SENTENCE IN VIOLATION OF THE PROVISIONS OF THE OHIO REVISED CODE IN EFFECT AT THE TIME OF THE ALLEGED COMMISSION OF THE CONDUCT FORMING THE BASIS OF THIS CONVICTION.
 Assignment of Error No. VIII THE PLEA WAS NOT KNOWING, VOLUNTARY, AND INTELLIGENT BECAUSE THE TRIAL COURT DID NOT PROPERLY ADVISE MS. CRISH OF THE CHANGE IN LAW THAT OCCURRED AFTER THE ALLEGED COMMISSION OF HER ACTS AND OF HER RIGHTS TO CHALLENGE THE APPLICATION OF THE FOSTER DECISION TO THE FACTS OF HER CASE.
 Assignment of Error No. IX THE TRIAL COURT ERRED ORDERING RESTITUTION WITHOUT ANY FINDING OF ABILITY TO PAY.
 {¶ 13} Due to the nature of Crish's arguments, we elect to address assignments of error three and four, and six and seven together. *Page 9 
 Assignment of Error No. I {¶ 14} In her first assignment of error, Crish asserts her plea was not knowingly, voluntarily, and intelligently made. Specifically, Crish argues that her plea was involuntary because the trial court failed to comply with the requirements of Crim. R. 11(C) and failed to ensure that she was fully informed of the charges against her due to a vague indictment and bill of particulars. We disagree.
 {¶ 15} All guilty pleas must be made knowingly, voluntarily, and intelligently. State v. Engle, 74 Ohio St.3d 525, 527, 1996-Ohio-179. "Crim. R. 11(C) is intended to ensure that guilty pleas are entered knowingly, intelligently, and voluntarily." State v. Cortez, 3d Dist. Nos. 5-07-06, 5-07-07, 2007-Ohio-6150, ¶ 15, citing, State v.Windle, 4th Dist. No. 03CA16, 2004-Ohio-6827, ¶ 7. Crim. R. 11(C) requires the trial judge, before accepting a guilty plea in a felony case, to inform the defendant of several rights enumerated under the rule, making sure the defendant understands the nature of those rights.State v. Stewart (1977), 51 Ohio St.2d 86, 88. Specifically, the trial judge must determine that the defendant is making the plea voluntarily; that he understands the nature of the charges and the maximum punishment; if applicable, that he understands he is not eligible for probation or community control; that he understands the effect of a guilty plea; and, that he understands by pleading guilty, he is waiving the right to a jury trial, to confront witnesses, to have compulsory process in obtaining *Page 10 
witnesses, and to have the State prove his guilt beyond a reasonable doubt at a trial where he is not required to testify against himself. Crim. R. 11(C). A trial court's failure to ensure that a plea has been entered knowingly, voluntarily, and intelligently renders the plea unconstitutional. Engle, 74 Ohio St.3d at 527, citing Kercheval v.United States (1927), 274 U.S. 220, 223; Mabry v. Johnson (1984),467 U.S. 504, 508-509; Crim. R. 11(C).
 {¶ 16} In determining whether the trial court has correctly followed the requirements of Crim. R. 11(C), the reviewing court must find substantial compliance. Stewart, 51 Ohio St.2d at 92. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." State v. Nero (1990), 56 Ohio St.3d 106, 108, citing State v. Carter (1979), 60 Ohio St.2d 34, 38. In order to prevail on a claim that a plea was not made knowingly, voluntarily, and intelligently, the defendant must demonstrate a prejudicial effect.Stewart, 51 Ohio St.2d at 93. In order to demonstrate prejudice, the defendant must show that the plea would not have been otherwise made. Id.
 {¶ 17} The purpose of an indictment is to compel the State to disclose all the material facts constituting the essential elements of the offense in order to give the defendant sufficient notice and opportunity to defend the charges against him. State v. Childs, 88 Ohio St.3d 194,198, 2000-Ohio-298, citing State v. Sellards *Page 11 
(1985), 17 Ohio St.3d 169, 170. In doing so, the exact dates and times offenses allegedly occurred are not generally required, as it is usually irrelevant to the preparation of a defense. State v. Gingell (1982),7 Ohio App.3d 364, 367. Furthermore, a defendant is entitled to a bill of particulars when the indictment fails to fully inform him of the offense with which he is charged. State v. Brown (1993), 90 Ohio App.3d 674,681. But, "the purpose of a bill of particulars is not to provide the defendant with specifications of the evidence or to serve as a substitute for discovery; rather, the purpose of a bill of particulars is to `elucidate or particularize the conduct of the accused.'"State v. Latorres, 11th Dist. Nos. 2000-A-0060 and 2000-A-0062,2001 WL 901045, quoting State v. Lawrinson (1990), 49 Ohio St.3d 238, 239.
 {¶ 18} In this case, the trial court, before accepting Crish's plea, asked her if she understood the charge against her.
 Do you understand that count 3 of the indictment, as amended, indicates that on the 1st day of May, 2004, to on or about the 12th day of February, 2005 at Allen County, Ohio that Tina Crish * * *, the defendant, did with purpose to deprive the owner of property, knowingly obtained or exerted control over said property beyond the scope of the express or implied consent of the owner or person authorized to give consent; the value of the property stolen is $500,000 or more; this being a felony in the 2nd degree, do you understand?
(Change of Plea Hearing Tr., pp. 3-4). *Page 12 
Furthermore, the trial court asked every question mandated by Crim. R. 11(C). In response to all of these questions, Crish answered that she understood the charges against her and the rights she was waiving, as set forth in Crim. R. 11(C).
 {¶ 19} In looking at the amended indictment to which Crish pled guilty, it set forth every element of aggravated theft. Additionally, the State's bill of particulars set forth a date range of May 1, 2004, to February 12, 2005, in which it alleged that Crish, the owner of 3T Title Agency, received funds from various investors with explicit instructions on their disbursements, and, as a result of her unauthorized use of the funds, she purposely deprived the investors of their money.
 {¶ 20} While it is true that the bill of particulars does not set forth a precise date on which this theft occurred, or specific names from whom this money was stolen, the nature of this scheme does not warrant more specificity to assure Crish was given notice of the crimes for which she is charged. Crish allegedly shifted money from one account to another over an extended period of time in committing these thefts. It was fully acceptable for the State to set forth a wide date range and not set forth particular names due to the manner in which these thefts occurred. Furthermore, in reviewing Crish's statement made at the sentencing hearing, she appeared to be fully aware of the exact nature and extent of her offense, as she apologized to the many people she affected by her actions. Finally, Crish has set *Page 13 
forth no allegations that she was prejudiced by either the bill of particulars or the indictment; nowhere does she allege that she would not have pled guilty if she would have been given more specific facts as to the charges against her.
 {¶ 21} Because the trial court fully complied with Crim. R. 11(C) in accepting Crish's plea, because the amended indictment and the bill of particulars gave Crish notice of the charges against her, and because Crish cannot show that she was prejudiced in any manner, we find Crish's plea was given knowingly, voluntarily, and intelligently.
 {¶ 22} Accordingly, Crish's first assignment of error is overruled.
 Assignment of Error No. II {¶ 23} In her second assignment of error, Crish argues that the trial court erred by allowing the State to amend all three counts of the indictment to include the mens rea and actus reus elements that had been mistakenly omitted. Specifically, Crish states that the amendment improperly converted an indictment that alleged no criminal conduct into an indictment that alleged criminal conduct, thereby violating Crim. R. 7(D). We disagree.
 {¶ 24} An indictment may be amended before, during, or after trial to correct a defect as long as no change is made in the name or identity of the crime charged. Crim. R. 7(D); State v. O'Brien (1987),30 Ohio St.3d 122, 127-128. Failure to object to a defect in the indictment prior to trial waives all but plain *Page 14 
errors. State v. Biros, 78 Ohio St.3d 426, 436, 1997-Ohio-204; Crim. R. 12(C)(2); Crim. R. 52(B). A plain error is an obvious defect in the trial proceedings that affects substantial rights. State v. Barnes,94 Ohio St.3d 21, 27, 2002-Ohio-68. A plain error exists when it can be said that, but for the error, the trial outcome would have been different.State v. Moreland (1990), 50 Ohio St.3d 58, 62. See, also, State v.Johnson, 3d Dist. No. 2-98-39, 1999-Ohio-825.
 {¶ 25} The Supreme Court of Ohio recently held that, where an indictment is defective for failing to include an essential element of the crime charged, and the defective indictment results in multiple, serious errors, such defect is not waived by not being raised at the trial court, and a structural error analysis is applied. State v.Colon, 118 Ohio St.3d 26, 2008-Ohio-1624, on reconsideration State v.Colon, — Ohio St.3d —, 2008-Ohio-3749. A structural error affects the entire trial process, and "involves the deprivation of a constitutional right." State v. Issa, 93 Ohio St.3d 49, 74, 2001-Ohio-1290. See, also,Arizona v. Fulminante (1991), 499 U.S. 279, 309-310; State v.Perry, 101 Ohio St.3d 118, 2004-Ohio-297, ¶ 17.
 {¶ 26} In this case, the original indictment failed to set forth the mens rea element of knowingly and the actus reus element of depriving the owner of property or services in all of the counts of aggravated theft under R.C. 2913.02(A)(1), (2), (B)(2). The State, thereafter, moved to amend the indictment *Page 15 
to include this actus reus and mens rea element. At the July 2007 status hearing, Crish asserted that she had no objection to the amendment of the indictment. Later, Crish entered a plea of guilty to the second-degree felony aggravated theft count as amended in the indictment.
 {¶ 27} Although the original indictment was defective, it was properly amended pursuant to Crim. R. 7(D). The indictment did not change the identity of the offense charged, but merely set forth all the elements of the offense that had been mistakenly omitted. Because Crish pled guilty to an amended indictment which was complete and accurate, and multiple errors have not resulted, a structural error analysis is inappropriate. Applying a plain error analysis, this court finds no error in allowing this proper amendment of the indictment pursuant to Crim. R. 7(D) prior to Crish's final plea.
 {¶ 28} Accordingly, Crish's second assignment of error is overruled.
 Assignments of Error Nos. III and IV {¶ 29} In her third and fourth assignments of error, Crish argues that the indictment was defective for failing to aggregate the multiple theft offenses into one theft offense pursuant to R.C. 2913.61(C)(1). Specifically, Crish contends that, in light of her alleged common scheme or course of conduct to defraud, the statute requires aggregation of the aggravated theft counts into one count. We disagree. *Page 16 
 {¶ 30} Initially, we note Crish failed to raise this issue in the trial court; as such, she waived all review except for plain error, as set forth in our analysis of the second assignment of error. State v.Long (1978), 53 Ohio St.2d 91, 97; Crim. R. 52(B).
 {¶ 31} R.C. 2913.61(C)(1), (2) provides, in pertinent part:
 (1) When a series of offenses under section 2913.02 of the Revised Code * * * is committed by the offender in the offender's same employment, capacity, or relationship to another, all of those offenses shall be tried as a single offense.
 (2) If an offender commits a series of offenses under section 2913.02 of the Revised Code that involves a common course of conduct to defraud multiple victims, all of the offenses may be tried as a single offense.
This Court has previously found that the phrase "to another" in R.C. 2913.61(C)(1) connotes the same individual. State v. Bonanno, 3d Dist. Nos. 1-98-58 and 1-98-60, 1999-Ohio-815. As such, according to the plain language of these two sections of the statute, the theft offenses of R.C. 2913.02 must be aggregated only when committed against one person or entity. If there are multiple victims of theft offenses, as contemplated by subsection (2) of the statute, aggregation is permitted, but not required. See State v. Krutz (1986), 28 Ohio St.3d 36, 38.
 {¶ 32} In the case at bar, all of these thefts committed by Crish occurred while she was working for 3T Title Agency as an agent for Security Title Corp. Thus, all thefts occurred while she was in the same "employment, capacity, or *Page 17 
relationship" to Security Title. Ultimately, the only victim of Crish's actions was Security Title, as it was required to refund all money wrongfully appropriated from customers. As such, R.C. 2913.61(C)(1) required all theft offenses to be aggregated into one offense. Here, the two third-degree felony aggravated theft counts were dismissed in exchange for Crish pleading guilty to the second-degree felony aggravated theft count. Consequently, the only theft offense at issue is this second-degree felony aggravated theft count.
 {¶ 33} In reviewing the record, each count of the bill of particulars states that "* * * defendant and 3T Title Agency, Inc. received funds from various investors with explicit instructions on their disbursement * * *. As a result of defendant's unauthorized use of said funds, defendant purposely deprived the investor-owners of their money * * *." (Emphasis added) (Bill of Particulars, pp. 1-2). Because multiple acts of theft would have to have occurred for Crish to take funds from "various investors", and because this one second-degree felony count alleges a theft of $500,000 or more, the only logical conclusion is that these separate acts of theft from "various investors", and, ultimately, Security Title, were aggregated together. Therefore, this Court finds that this second-degree felony aggravated theft count was multiple theft offenses aggregated together and tried as one offense, as required by R.C. 2913.61(C)(1). *Page 18 
 {¶ 34} Accordingly, Crish's third and fourth assignments of error are overruled.
 Assignment of Error No. V {¶ 35} In her fifth assignment of error, Crish asserts that she was denied effective assistance of counsel under the Sixth Amendment to the U.S. Constitution. Specifically, Crish argues that trial counsel could not have given effective assistance by advising a guilty plea when counsel was never able to gain full notice of the charges against her. We disagree.
 {¶ 36} A defendant asserting ineffective assistance of counsel must demonstrate that trial counsel's performance fell below an objective standard of reasonable representation, and, as a result, the defendant was prejudiced. State v. Bradley (1989), 42 Ohio St.3d 136, paragraph two of the syllabus. In order to demonstrate prejudice, the defendant must show that there exists a reasonable probability that, but for counsel's errors, the trial outcome would have been different. Id. at paragraph three of the syllabus. A reasonable probability is one sufficient to undermine confidence in the outcome of the trial.State v. Waddy (1992), 63 Ohio St.3d 424, 433, superseded by constitutional amendment on other grounds as recognized by State v.Smith, 80 Ohio St.3d 89, 103, 1997-Ohio-355. In determining whether there has been ineffective assistance, the court is to look to the totality of the circumstances and not to individual instances of allegedly *Page 19 
deficient performance. State v. Malone (1989), 2d Dist. No. 10564,1989 WL 150798. Furthermore, "[a] claim that a guilty plea was induced by ineffective assistance of counsel must be supported by evidence where the record of the guilty plea shows it was voluntarily made." State v.Lloyd, 11th Dist. No. 2006-L-185, 2007-Ohio-3013, ¶ 66, citing State v.Malesky, 8th Dist. No. 61290, 1992 WL 209589.
 {¶ 37} In this case, we have already determined that Crish was given adequate notice of the charges against her, and that her guilty plea was made knowingly, voluntarily, and intelligently. Because trial counsel had an adequate understanding of the charges against his client, and because Crish fails to present any evidence that her guilty plea was induced because of ineffective assistance of counsel, we find her trial counsel's performance was objectively reasonable in advising her to plead guilty to the second-degree felony aggravated theft count.
 {¶ 38} Accordingly, Crish's fifth assignment of error is overruled.
 Assignment of Errors VI and VII {¶ 39} In her sixth and seventh assignments of error, Crish argues that the trial court erred in imposing a non-minimum sentence pursuant to R.C. 2929.14(B). Specifically, Crish asserts that her due process rights were violated by the trial court's imposition of a sentence pursuant to State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, because applying Foster to her case creates an ex post *Page 20 
facto sentencing law, as she committed these acts before Foster was decided. Crish reasons that, because sentencing should not have been conducted pursuant to Foster, the trial court was not authorized to impose a non-minimum sentence under R.C. 2929.14(B). We disagree.
 {¶ 40} Prior to the Supreme Court of Ohio's decision inFoster, R.C. 2929.14(B) required the trial court to impose the shortest prison term authorized for the offense unless the offender was serving a prison term at the time of the offense or had previously served a prison term, or the court found that the shortest prison term demeaned the seriousness of the offense. Under the Supreme Court's decision inFoster, the Court declared unconstitutional, those portions of the felony sentencing statute requiring judicial fact finding before imposition of non-minimum sentences, thereby giving courts full discretion to impose a sentence within the statutory range. As such, trial courts were then permitted to impose a prison sentence beyond the minimum term authorized for the offense without any additional findings as were previously required under R.C. 2929.14(B).
 {¶ 41} In State v. McGhee, 3d Dist. No. 17-06-05, 2006-Ohio-5162, this Court found that application of the sentencing law dictated byFoster to acts committed prior to that decision is not an ex post facto law or due process violation under the United States or Ohio Constitutions. *Page 21 
 {¶ 42} Because the retroactive application of Foster does not result in a due process violation, and because Foster permits imposition of a non-minimum sentence without a finding of additional factors under R.C. 2929.14(B), we find the trial court did not err in sentencing Crish to a non-minimum five year prison term.
 {¶ 43} Accordingly, Crish's sixth and seventh assignments of error are overruled.
 Assignment of Error No. VIII {¶ 44} In her eighth assignment of error, Crish argues that her guilty plea was not given knowingly, voluntarily, and intelligently because the trial court failed to advise her that the Supreme Court's decision inFoster would apply retroactively to the sentencing in her case. Crish asserts that, because her criminal acts were committed prior to theFoster decision, she had no notice that she was not entitled to the presumption in favor of a minimum sentence as existed prior toFoster, and that the trial court had the discretion to sentence her to any prison term between the minimum and the maximum. As such, Crish reasons that this makes her plea involuntary. We disagree.
 {¶ 45} As set forth under our analysis of her sixth and seventh assignments of error, the Supreme Court's decision in Foster altered the felony sentencing laws by removing the judicial fact finding necessary to impose sentences beyond the *Page 22 
statutory minimum. As such, trial courts are given the full discretion to impose a prison term anywhere between the minimum and maximum.Foster, 2006-Ohio-856, at paragraph seven of the syllabus.
 {¶ 46} All guilty pleas must be knowing, voluntary, and intelligent to comport with due process requirements, Engle, 74 Ohio St.3d at 527, and the trial court must comply with Crim. R. 11(C) in order to assure a plea meets this due process requirement. Cortez, 2007-Ohio-6150, at ¶ 15.Foster has not altered any aspect of Crim. R. 11, State v. Canady, 1st Dist. No. C-060267, 2007-Ohio-313, ¶ 9, and Foster's alteration of Ohio's sentencing scheme has no affect on whether a guilty plea is entered voluntarily. State v. Royles, 1st Dist. Nos. C-060875 and C-060876, 2007-Ohio-5348, ¶ 11. As a result, the trial court is not required to instruct a defendant on Foster's application to the sentence prior to accepting a guilty plea. Id.
 {¶ 47} As previously discussed, the trial court addressed Crish in compliance with Crim. R. 11 prior to accepting her guilty plea, thereby assuring that her plea was knowing, voluntary, and intelligent. Because the trial court complied with Crim. R. 11, and because the court was not required to advise Crish that Foster applied to her sentencing, even though her acts were committed prior to that decision, we find no credibility in Crish's argument that her plea was not given knowingly, voluntarily, and intelligently. *Page 23 
 {¶ 48} Accordingly, Crish's eighth assignment of error is overruled.
 Assignment of Error No. IX {¶ 49} In her final assignment of error, Crish argues that the trial court erred by ordering her to pay $761,714.76 in restitution to Security Title Corporation without making a finding of her ability to pay such restitution, as required by R.C. 2929.19(B)(6).
 {¶ 50} A trial court is permitted to impose financial sanctions, including restitution in an amount to the victim to compensate for the victim's loss. R.C. 2929.18(A)(1). Before imposing a financial sanction under R.C. 2929.18(A)(1), the court is required to consider the defendant's present and future ability to pay the sanction. State v.Troglin, 3d Dist. No. 14-06-57, 2007-Ohio-4368, ¶ 38; R.C. 2929.19(B)(6). In determining a defendant's present and future ability to pay a financial sanction, the trial court is not required to hold a hearing, but "there must be some evidence in the record to indicate that the trial court considered an offender's * * * ability to pay."State v. Smith, 3d Dist. No. 2-06-37, 2007-Ohio-3129, ¶ 31, citingState v. Wells, 3d Dist. No. 13-02-17, 2002-Ohio-5318, ¶ 8. There are no certain factors to consider or special analyses to undertake in determining ability to pay. Id. Furthermore, "a trial court need not explicitly state in its judgment entry that it considered a defendant's ability to pay a financial sanction. Rather, [appellate] courts look to the totality of the record to see if the *Page 24 
requirement has been satisfied." State v. Smith, 4th Dist. No. 06CA2893,2007-Ohio-1884, ¶ 42, quoting State v. Ray, 4th Dist. No. 04CA2965,2006-Ohio-853, ¶ 26. When the trial court considers information in the presentence investigation report relating to the defendant's age, health, education, and employment history, that is sufficient to comply with R.C. 2929.19(B)(6). State v. Martin, 140 Ohio App.3d 326, 338-339,2000-Ohio-1942; State v. Didion, 173 Ohio App.3d 130, 2007-Ohio-4494, ¶ 33.
 {¶ 51} In this case, the trial court made no express finding or statement regarding Crish's ability to pay. But, prior to issuing the order of restitution, the trial court indicated that it had considered the applicable sentencing provisions of the Ohio Revised Code, including R.C. 2929.19, and the presentence investigation report. As such, we find there is sufficient evidence in the record that the trial court considered Crish's ability to pay prior to ordering payment of restitution, as required by R.C. 2929.19(B)(6).
 {¶ 52} Accordingly, Crish's ninth assignment of error is overruled.
 {¶ 53} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 SHAW, P.J., and PRESTON, J., concur. *Page 1