[Cite as *State v. West*, 2022-Ohio-4069.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
SENECA COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,                CASE NO. 13-22-07

v.

ALYSSA D. WEST,                   O P I N I O N

      DEFENDANT-APPELLANT.

Appeal from Seneca County Common Pleas Court
Trial Court No. 21 CR 0140

Judgment Affirmed

Date of Decision: November 14, 2022

APPEARANCES:

    *James J. Whitfield* **for Appellant**

    *Angela M. Boes* **for Appellee**

**ZIMMERMAN, P.J.**

{¶1} Defendant-appellant, Alyssa D. West ("West"), appeals the April 22, 2022 judgment entry of sentence of the Seneca County Court of Common Pleas. For the reasons that follow, we affirm.

{¶2} On August 26, 2021, the Seneca County Grand Jury indicted West on Count One of felonious assault in violation of R.C. 2903.11(A)(2), (D)(1)(a), a second-degree felony, and Count Two of tampering with evidence in violation of R.C. 2921.12(A)(1), (B), a third-degree felony. On August 30, 2021, West appeared for arraignment and entered pleas of not guilty to the counts alleged in the indictment.

{¶3} On March 15, 2022, West withdrew her pleas of not guilty and entered guilty pleas, under a negotiated-plea agreement, to the counts alleged in the indictment. In exchange for her change of pleas, the State agreed to a sentencing recommendation. The trial court accepted West's guilty pleas, found her guilty, and ordered a pre-sentence investigation.

{¶4} On April 21, 2022, the trial court sentenced West to a minimum term of four years in prison to a maximum term of six years in prison on Count One and to 18 months in prison on Count Two. (Doc. Nos. 48-49).[1] The trial court ordered West to serve the prison terms concurrently. The trial court further ordered that

---

[1] The trial court filed its judgment entry of sentence on April 22, 2022. (Doc. Nos. 48-49).

West pay the costs of prosecution and $4,619.90 in restitution. Importantly, the trial court ordered West to begin making payments toward her restitution within 30 days from the date of the judgment entry of sentence and to pay the costs of prosecution within one year.

{¶5} On May 13, 2022, West filed her notice of appeal. She raises two assignments of error for our review, which we will discuss together.

### Assignment of Error No. I

**The Sentence Imposed By the Trial Court is Inconsistent With the Principles and Purposes of Sentencing Under the Ohio Revised Code and Therefore is Contrary to Law.**

### Assignment of Error No. II

**The Trial Court Erred by Assessing Restitution and Costs Without Conducting an Ability to Pay Hearing.**

{¶6} In her first assignment of error, West argues the record does not support the trial court's sentence. Specifically, West contends that her sentence is contrary to law because the trial court failed to consider the purposes and principles of felony sentencing when imposing her sentence. In her second assignment of error, West argues that it was error for the trial court to impose the costs of prosecution and restitution without considering her ability to pay.

*Standard of Review*

{¶7} Under R.C. 2953.08(G)(2), an appellate court will reverse a sentence "only if it determines by clear and convincing evidence that the record does not

support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. Clear and convincing evidence is that "'which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Id.* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶8} Furthermore, we review the imposition of costs and restitution under R.C. 2953.08(G)(2). *State v. Jordan*, 6th Dist. Lucas No. L-19-1165, 2021-Ohio-333, ¶ 7 (asserting that "'the proper standard of review for analyzing the imposition of restitution as part of a felony sentence is whether the sentence complies with R.C. 2953.08(G)(2)(b)'"), quoting *State v. Young*, 6th Dist. Lucas No. L-19-1189, 2020-Ohio-4943, ¶ 11; *State v. Long*, 11th Dist. Geauga No. 2020-G-0260, 2021-Ohio-1059, ¶ 15 ("Since the enactment of H.B. 86, however, we review felony sentences, which include restitution orders, pursuant to R.C. 2953.08(G)(2)."), citing *State v. Ciresi*, 11th Dist. Geauga No, 2020-G-0249, 2020-Ohio-5305, ¶ 5 (overruling previous cases holding that restitution orders are reviewed for an abuse of discretion) and *State v. Mazzola*, 11th Dist. Trumbull No. 2018-T-0029, 2019-Ohio-845, ¶ 19, fn. 1.

*Analysis*

**{¶9}** First, we will address West's argument challenging the prison sentence imposed by the trial court for her felonious-assault and tampering-with-evidence convictions.

**{¶10}** "It is well-established that the statutes governing felony sentencing no longer require the trial court to make certain findings before imposing a maximum sentence." *State v. Maggette*, 3d Dist. Seneca No. 13-16-06, 2016-Ohio-5554, ¶ 29, citing *State v. Dixon*, 2d Dist. Clark No. 2015-CA-67, 2016-Ohio-2882, ¶ 14 ("Unlike consecutive sentences, the trial court was not required to make any particular 'findings' to justify maximum prison sentences.") and *State v. Hinton*, 8th Dist. Cuyahoga No. 102710, 2015-Ohio-4907, ¶ 9 ("The law no longer requires the trial court to make certain findings before imposing a maximum sentence."). Rather, "'trial courts have full discretion to impose any sentence within the statutory range.'" *State v. Smith*, 3d Dist. Seneca No. 13-15-17, 2015-Ohio-4225, ¶ 10, quoting *State v. Noble*, 3d Dist. Logan No. 8-14-06, 2014-Ohio-5485, ¶ 9, citing *State v. Saldana*, 3d Dist. Putnam No. 12-12-09, 2013-Ohio-1122, ¶ 20.

**{¶11}** In this case, as a second-degree felony, felonious assault carries a non-mandatory, indefinite sanction of two-years to eight-years of imprisonment. R.C. 2903.11(A)(2), (D)(1)(a), 2929.14(A)(2)(a), and 2929.144(B)(1). *See also* R.C. 2929.13(F). Further, as a third-degree felony, tampering with evidence carries a

non-mandatory, definite sanction of 9-months to 36-months imprisonment. R.C. 2921.12(A)(1), (B), and 2929.14(3)(a). *See also* R.C. 2929.13(F).

{¶12} "[A] sentence imposed within the statutory range is 'presumptively valid' if the [trial] court considered applicable sentencing factors." *Maggette* at ¶ 31, quoting *State v. Collier*, 8th Dist. Cuyahoga No. 95572, 2011-Ohio-2791, ¶ 15. Because the trial court sentenced West to a minimum term of four years in prison to a maximum term of six years in prison as to her felonious-assault conviction, the trial court's sentence as to that conviction is within the statutory range and is appropriately calculated. Likewise, because the trial court sentenced West to 18 months in prison as to her tampering-with-evidence conviction, the trial court's sentence as to that conviction falls within the statutory range.

{¶13} R.C. 2929.11 provides, in in pertinent part, that the

> overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources.

R.C. 2929.11(A). "In advancing these purposes, sentencing courts are instructed to 'consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.'" *Smith*, 2015-Ohio-4225, at ¶ 10, quoting R.C. 2929.11(A). "Meanwhile, R.C. 2929.11(B) states that felony

sentences must be 'commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim' and also be consistent with sentences imposed in similar cases." *Id.*, quoting R.C. 2929.11(B). "In accordance with these principles, the trial court must consider the factors set forth in R.C. 2929.12(B)-(E) relating to the seriousness of the offender's conduct and the likelihood of the offender's recidivism." *Id.*, citing R.C. 2929.12(A). "'A sentencing court has broad discretion to determine the relative weight to assign the sentencing factors in R.C. 2929.12." *Id.* at ¶ 15, quoting *State v. Brimacombe*, 195 Ohio App.3d 524, 2011-Ohio-5032, ¶ 18 (6th Dist.), citing *State v. Arnett*, 88 Ohio St.3d 208, 215 (2000).

{¶14} "Although the trial court must consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors listed in R.C. 2929.12, the sentencing court is not required to 'state on the record that it considered the statutory criteria or discuss[ed] them.'" *Maggette* at ¶ 32, quoting *State v. Polick*, 101 Ohio App.3d 428, 431 (4th Dist.1995). "A trial court's statement that it considered the required statutory factors, without more, is sufficient to fulfill its obligations under the sentencing statutes." *Id.*, citing *State v. Abrams*, 8th Dist. Cuyahoga No. 103786, 2016-Ohio-4570, citing *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, ¶ 18.

**{¶15}** At West's sentencing hearing and in its sentencing entry, the trial court considered the R.C. 2929.11 and 2929.12 factors. (Apr. 21, 2022 Tr. at 89); (Doc. Nos. 48-49). Nevertheless, West contends that the trial court abused its discretion by imposing a four-year prison sentence because "many of the recidivism and seriousness of the crime factors that the statute provides to guide the courts lend themselves to the notion that Ms. West does not require a minimum of four years to effectuate the purposes of sentencing." (Appellant's Brief at 4). Specifically, West contends that her sentence is contrary to law because it "is clearly more of a hindrance than a promotion of rehabilitation" and because it is "excessive in terms of punishment and to the extent that it was necessary to protect the public from future crime." (*Id.* at 5).

**{¶16}** West's argument is without merit. Importantly, the Supreme Court of Ohio recently directed Ohio's courts of appeal that R.C. 2953.08(G)(2)(a) "clearly does not provide a basis for an appellate court to modify or vacate a sentence if it concludes that the record does not support the sentence under R.C. 2929.11 and R.C. 2929.12 because * * * R.C. 2929.11 and R.C. 2929.12 are not among the statutes listed in the provision." *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, ¶ 31. As a result, this court may not modify or vacate a felony sentence based on a finding by clear and convincing evidence that the record does not support the trial court's findings under R.C. 2929.11 or 2929.12. *State v. Reed*, 3d Dist. Union No. 14-20-

16, 2021-Ohio-1623, ¶ 19, citing *Jones* at ¶ 32-39. Consequently, "'when reviewing felony sentences that are imposed solely after considering the factors in R.C. 2929.11 and R.C. 2929.12, we shall no longer analyze whether those sentences are unsupported by the record. We simply must determine whether those sentences are contrary to law.'" *Id.*, quoting *State v. Dorsey*, 2d Dist. Montgomery No. 28747, 2021-Ohio-76, ¶ 18.

{¶17} Thus, when imposing a felony sentence, "it is '[t]he trial court [that] determines the weight afforded to any particular statutory factors, mitigating grounds, or other relevant circumstances.'" *State v. McKennelly*, 12th Dist. Butler No. CA2017-04-055, 2017-Ohio-9092, ¶ 15, quoting *State v. Steger*, 12th Dist. Butler No. CA2016-03-059, 2016-Ohio-7908, ¶ 18, citing *State v. Stubbs*, 10th Dist. Franklin No. 13AP-810, 2014-Ohio-3696, ¶ 16. "The fact that the trial court chose to weigh various sentencing factors differently than how appellant would have weighed them does not mean the trial court erred in imposing appellant's sentence." *Id.*

{¶18} In this case, the trial court concluded that a four-year prison term is consistent with the purposes and principles of felony sentencing and "that the shortest prison term will demean the seriousness of [West's] conduct and will not adequately protect the public from future crime by [West] or others." (Doc. Nos. 48-49). (See also Apr. 21, 2022 Tr. at 91). Specifically, after weighing the

seriousness and recidivism factors, the trial court determined that West's conduct is more serious than conduct normally constituting felonious assault and tampering with evidence.

**{¶19}** In particular, assessing the seriousness of West's conduct, the trial court found that the victim suffered serious physical harm as a result of the offense and that West's relationship with the victim facilitated the offense. (Apr. 21, 2022 Tr. at 91); (Doc. Nos. 48-49). *See* R.C. 2929.12(B)(2), (6). Applying the factors under R.C. 2929.12(C)—indicating that West's conduct is less serious than conduct normally constituting the offense—the trial court found that none of the factors under R.C. 2929.12(C) applied in this case.

**{¶20}** Assessing whether West was likely to commit future crimes, the trial found none of the factors under R.C. 2929.12(D) applicable to this case. However, applying the factors under R.C. 2929.12(E)—indicating that West is not likely to commit future crimes—the trial court found that West has no prior criminal record (as an adult or juvenile) and that she shows genuine remorse for the offense. (Apr. 21, 2022 Tr. at 90). *See* R.C. 2929.12(E)(1), (2), (3), (5).

**{¶21}** Thus, based on our review of the record, we conclude the trial court did not abuse its discretion by imposing a minimum term of four years in prison even though West would have weighed the R.C. 2929.12 factors differently. Therefore, because her sentence is within the sentencing range and the trial court

considered the purposes and principles of felony sentencing set forth under R.C. 2929.11 and 2929.12, West's sentence is not contrary to law.

{¶22} West further argues that the trial court erred by ordering that she pay restitution and the costs of prosecution without considering her ability to pay the ordered amount. Specifically, West does not contest the amount of restitution or the costs ordered by the trial court; rather, West disputes the trial court's order that she begin making payments toward the restitution order within 30 days from the date of its judgment entry of sentence and the trial court's order that she pay the costs of prosecution within one year of its judgment entry of sentence in consideration of her incarceration.

{¶23} However, as an initial matter, West failed to object to the trial court's order that she pay restitution and the costs of prosecution. The failure to object to a trial court's order to pay the costs of prosecution and the failure to object to a trial court's award of restitution waives all but plain error on review. *State v. Wilkins*, 3d Dist. Shelby No. 17-13-13, 2014-Ohio-983, ¶ 8; *State v. Bricker*, 6th Dist. Fulton No. F-21-013, 2022-Ohio-3494, ¶ 26. "To recognize plain error, we must find obvious error affecting such substantial rights that the error was outcome-determinative." *State v. Henslee*, 5th Dist. Muskingum No. CT2017-0009, 2017-Ohio-5786, ¶ 13, citing *State v. Noling*, 98 Ohio St.3d 44, 2002-Ohio-7044, ¶ 62. *See also* Crim.R. 52(B). "'Plain error is to be used 'with the utmost caution, under

exceptional circumstances and only to prevent a manifest miscarriage of justice.'"" *Wilkins* at ¶ 8, quoting *State v. Stewart*, 3d Dist. Wyandot No. 16-08-11, 2008-Ohio-5823, ¶ 7, quoting *State v. Barnes*, 94 Ohio St.3d 21, 27 (2002).

**{¶24}** "In the context of sentencing, outcome-determinative means an error that resulted in a sentence which is contrary to law." *Henslee* at ¶ 13, citing *State v. Amos*, 140 Ohio St.3d 238, 2014-Ohio-3160, ¶ 23 (Lanzinger, J., concurring in part and dissenting in part). *See also Wilkins* at ¶ 8 ("'[I]mposition of a sentence not authorized by statute constitutes plain error.'"), quoting *Stewart* at ¶ 7.

**{¶25}** "R.C. 2929.18(A)(1) authorizes a trial court to impose restitution as part of a sentence in order to compensate a victim for economic loss." *State v. Lalain*, 136 Ohio St.3d 248, 2013-Ohio-3093, ¶ 20. However, before imposing restitution, "R.C. 2929.19(B)(5) requires a trial court to 'consider the offender's present and future ability to pay the amount of the sanction' before imposing a financial sanction, such as restitution, under R.C. 2929.18." *Wilkins* at ¶ 17, quoting R.C. 2929.19(B)(5), and citing *State v. Parker*, 183 Ohio App.3d 431, 2009-Ohio-3667, ¶ 13 (3d Dist.). "'The trial court is not required to hold a hearing on ability to pay, nor are there any specific factors to consider or findings to make.'" *Id.*, quoting *Parker* at ¶ 13. "'The court must merely consider the offender's ability to pay.'" *Id.*, quoting *Parker* at ¶ 13. "'Furthermore, "a trial court need not explicitly state in its judgment entry that it considered a defendant's ability to pay a financial

sanction. Rather, [appellate] courts look to the totality of the record to see if the requirement has been satisfied."'" *Id.*, quoting *State v. Crish*, 3d Dist. Allen No. 1-08-13, 2008-Ohio-5196, ¶ 50, quoting *State v. Smith*, 4th Dist. Ross No. 06CA2893, 2007-Ohio-1884, ¶ 42.

**{¶26}** "'"If the record shows that the court considered a presentence investigation report that provides pertinent information about the offender's financial situation and his ability to pay the financial sanction, it has met its obligation under R.C. 2929.19(B)(5)."'" *Id.* at ¶ 18, quoting *State v. Bulstrom*, 4th Dist. Athens No. 12CA19, 2013-Ohio-3582, ¶ 15, quoting *State v. Petrie*, 4th Dist. Meigs No. 12CA4, 2013-Ohio-887, ¶ 5. *See also Crish* at ¶ 50 ("When the trial court considers information in the [PSI] relating to the defendant's age, health, education, and employment history, that is sufficient to comply with R.C. 2929.19(B)[(5)]."); *State v. Troglin*, 3d Dist. Union No. 14-06-57, 2007-Ohio-4368, ¶ 38 (offering that R.C. 2929.19(B)(5) is "satisfied where a trial court considered a PSI, which typically contains pertinent financial information").

**{¶27}** Even though "[t]he trial court did not explicitly state at the sentencing hearing or in its judgment entry that it considered [West's] ability to pay a financial sanction," the trial court met its obligation under R.C. 2929.19(B)(5). *Wilkins* at ¶ 23. *See also State v. Abrams*, 12th Dist. Clermont No. CA2017-03-018, 2017-Ohio-8536, ¶ 28. Importantly, the trial court stated that it not only carefully reviewed the

PSI (which is 27 pages in length) but also considered the PSI when imposing West's sentence. *Accord State v. Bey*, 6th Dist. Lucas No. L-17-1288, 2019-Ohio-423, ¶ 45 ("Prior to ordering restitution, the trial court stated that it had 'carefully reviewed' appellant's PSI."). In addition to the PSI, the trial court stated that it reviewed "the record, the oral statements made, * * * and the various statements made" at the sentencing hearing. (Apr. 21, 2022 Tr. at 88).

**{¶28}** In particular, the PSI contains information reflecting West's age, health, education, and employment status. *Accord Wilkins* at ¶ 21. Specifically, the PSI states that West is 21 years old; that she is in "[g]ood" physical health; that she has completed 105 credit hours toward an associate's degree at Owens Community College and is enrolled (but has not started classes) at the University of Cincinnati; and that she was employed at the time of the offense.

**{¶29}** Consequently, "[b]y considering that information, the trial court satisfied its obligation under R.C. 2929.19(B)(5) to consider [West's] present and future ability to pay the amount of restitution ordered by the trial court." *Wilkins* at ¶ 23, citing *Crish*, 2008-Ohio-5196, at ¶ 50. Therefore, the trial court's order of restitution in this case is not contrary to law.

**{¶30}** Furthermore, it was not plain error to order West to pay the costs of prosecution. That is, the trial court's order that West pay the costs of prosecution is not contrary to law. "'R.C. 2947.23 requires a trial court to assess costs against all

-14-

criminal defendants, even if the defendant is indigent.'" *State v. McWay*, 3d Dist. Allen No. 1-19-65, 2020-Ohio-719, ¶ 7, quoting *State v. Clinton*, 153 Ohio St.3d 422, 2017-Ohio-9423, ¶ 239. *See also State v. Taylor*, 163 Ohio St.3d 508, 2020-Ohio-6786, ¶ 35 (affirming that "the General Assembly has specifically required courts to include financial sanctions, fines, and court costs as a part of the defendant's sentence"). Importantly, "[t]he costs of prosecution are mandatory, pursuant to R.C. 2947.23(A)(1), and trial courts are obligated to impose the costs of prosecution irrespective of a defendant's ability to pay." *Bricker*, 2022-Ohio-3494, at ¶ 25. Therefore, because "the costs of prosecution are mandatory and there is no requirement for the trial court to consider [West's] ability to pay", it was not plain error for the trial court to order West to pay the costs of prosecution. *Bricker* at ¶ 27. *Accord State v. Stapleton*, 3d Dist. Allen No. 1-19-66, 2020-Ohio-852, ¶ 6.

**{¶31}** Nevertheless, West challenges that trial court's order that she begin making payments toward the restitution order within 30 days from the date of its judgment entry of sentence and the trial court's order that she pay the costs of prosecution within one year of its judgment entry of sentence in consideration of her incarceration. However, that issue is not properly before this court. Pertinently, R.C. 2947.23(C) gives a trial court continuing jurisdiction to 'waive, suspend, or modify the payment of the costs of prosecution * * * at the time of sentencing or at any time thereafter.'" *Taylor* at ¶ 7, quoting R.C. 2947.23(C). "So, while the court

must impose costs, it may also waive, suspend, or modify them." *Id.* Imperatively, such action by the trial court requires an affirmative act by the defendant, and, at this point in time, West has made no such motion to the court. *See State v. Hanford*, 8th Dist. Cuyahoga No. 106220, 2018-Ohio-1309, ¶ 17 (noting that a trial court "has the discretion to waive court costs if the defendant makes a motion to waive costs"). Consequently, her argument is not ripe for review.

{¶32} For these reasons, West's assignments of error are overruled.

{¶33} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

***Judgment Affirmed***

**SHAW and WILLAMOWSKI, J.J., concur.**

**/jlr**