**[Cite as *State v. Stapleton*, 2020-Ohio-852.]**

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

STATE OF OHIO,

       PLAINTIFF-APPELLEE,

       CASE NO. 1-19-66

       v.

LEO J. STAPLETON,

       O P I N I O N

       DEFENDANT-APPELLANT.

Appeal from Allen County Common Pleas Court
Trial Court No. CR 2016 0520

**Judgment Affirmed**

Date of Decision:  March 9, 2020

APPEARANCES:

    *Leo Stapleton* **Appellant**

    *Jana E. Emerick* **for Appellee**

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant Leo Stapleton ("Stapleton") brings this appeal from the judgment of the Court of Common Pleas of Allen County imposing court costs. Stapleton argues that the trial court erred by imposing costs without considering his ability to pay. For the reasons set forth below, the judgment is affirmed.

{¶2} On September 6, 2017, Stapleton entered pleas of guilty to one count of murder and one count of burglary. Doc. 122. Stapleton entered a plea of no contest to the repeat violent offender specification. *Id*. The trial court accepted the pleas of guilty, found Stapleton guilty of the specification, and entered a judgment of conviction. *Id*. The trial court held a sentencing hearing on October 20, 2017. Doc. 134. On November 6, 2017, the trial court entered judgment sentencing Stapleton to a prison term of 15 years to life for the murder conviction, 10 years for the repeat violent offender specification, and 36 months for the burglary conviction. *Id*. The sentences for murder and the repeat violent offender specification were set to run consecutive to each other, but the sentence for burglary ran concurrent to the others for an aggregate term of 25 years to life in prison. *Id*. As part of the sentence, the trial court ordered Stapleton to pay court costs. *Id*. Stapleton filed a direct appeal from this judgment. Doc. 135. The appeal was dismissed pursuant to the guidelines set forth in *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), on February 7, 2018. Doc. 146.

{¶3} On April 26, 2018, Stapleton filed a motion to vacate or suspend court costs. Doc. 148. The trial court denied the motion on April 30, 2018. Doc. 149. On April 23, 2019, Stapleton filed a motion to suspend of modify the court costs. Tr. 152. The trial court denied the motion on April 24, 2019. Doc. 153. On September 23, 2019, Appellant again filed a motion to vacate the court costs. Tr. 155. The trial court denied this motion on that same day. Tr. 156. Stapleton appealed from this judgment. Doc. 158. On appeal, Stapleton raises the following assignment of error.

> **Trial court erred when it imposed court costs without assessing Defendant's ability to pay.**

{¶4} The sole assignment of error in this case is that the trial court erred in imposing court costs without first assessing Stapleton's ability to pay the costs. Initially, this court notes that this issue was one that could have been raised on direct appeal. "'[A] convicted defendant is precluded under the doctrine of res judicata from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on appeal from that judgment.'" *State v. Jones*, 10th Dist. Franklin No. 17AP-431, 2018-Ohio-306, ¶ 13, quoting *State v. Szefcyk*, 77 Ohio St.3d 93, 96 (1996). Since this issue could have been raised previously on direct appeal, the issue is barred by the doctrine of res judicata.

{¶5} Even if the issue was not precluded, the result would not change. "In all criminal cases, including violations of ordinances, the judge or magistrate shall include in the sentence the costs of prosecution, including any costs under section 2947.231 of the Revised Code, and render a judgment against the defendant for such costs." R.C. 2947.23(A)(1)(a). The question of whether a trial court must first determine a defendant's ability to pay court costs before imposing them has previously been addressed by this court in *State v. Snuggs*, 3d Dist. Henry Nos. 7-16-03, 7-16-05, 2016-Ohio-5466. In *Snuggs*, the defendant challenged the trial court's denial of his motion to stay the payment of costs and fines. *Id*. at ¶ 16. This Court first noted that there were no fines, only court costs. *Id*. Snuggs' argument was that the trial court erred by imposing court costs without first holding a hearing to determine his ability to pay due to his indigent status. *Id*. This Court noted that the imposition of court costs is not discretionary pursuant to R.C. 2947.23. *Id*. "This applies without consideration of a defendant's ability to pay." *Id*. This Court then noted that although the trial court retains jurisdiction to waive, suspend, or modify the payment at any time from sentencing forward, that decision is left to the sound discretion of the trial court. *Id*.

{¶6} Here, like in *Snuggs*, the trial court did not impose any financial sanction, only court costs. Stapleton claims that the trial court was required to determine his ability to pay before doing so. This is an incorrect statement of the law. Although R.C. 2929.18 permits a trial court to hold a hearing to determine

ability to pay financial sanctions such as restitution, that requirement does not apply to court costs. *State v. Smith*, 3d Dist. Allen No. 1-07-32, 2007-Ohio-6552. The statute specifically differentiates court costs from financial sanctions by saying that financial sanctions may be imposed "in addition to" court costs. R.C. 2929.18(A). Thus, the trial court did not err by imposing court costs without first determining appellant's ability to pay the costs. The assignment of error is overruled.

{¶7} Having found no prejudice in the particulars assigned and argued, the judgment of the Court of Common Pleas of Allen County is affirmed.

***Judgment Affirmed***

**SHAW, P.J. and PRESTON, J., concur.**

**/hls**