[Cite as *State v. Maston*, 2021-Ohio-1975.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 28956 |
| | : | |
| v. | : | Trial Court Case No. 2020-CR-612 |
| | : | |
| WILLIAM MASTON | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

# O P I N I O N

Rendered on the 11th day of June, 2021.

. . . . . . . . . . .

MATHIAS H. HECK, JR. by J. JOSHUA RIZZO, Atty. Reg. No. 0099218, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, 5th Floor, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

DAVID R. MILES, Atty. Reg. No. 0013841, 1160 East Dayton-Yellow Springs Road, Fairborn, Ohio 45324
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

HALL, J.

{¶ 1} Defendant-Appellant William Maston appeals from his conviction following his guilty plea to one count of attempted breaking and entering. In particular, Maston maintains he was denied the right to allocution at sentencing, asserts the trial court erred in placing him on community control, and challenges the trial court's order that he pay appointed counsel fees. We vacate the portion of the judgment ordering Matson to pay court-appointed counsel fees, and we affirm the judgment in all other respects.

## I. Factual and Procedural Background

{¶ 2} The record reveals that, on the afternoon of February 18, 2020, officers from the West Carrollton Police Department reported to a residence on Sheffield Road following a domestic altercation. Prosecuting witness Hannah Tincher informed the officers that Maston, her boyfriend and the father of their child, forcibly entered her home and confronted her about money she was to return to him. Having dealt with Maston trespassing before, Tincher repelled the advance by throwing coffee in his face. Maston pushed Tincher and grabbed the keys to her house and vehicle before leaving the scene. Both parties phoned the authorities to report their respective assaults. Ultimately, the police retrieved video security footage which supported Tincher's version of events.

{¶ 3} On October 2, 2020, a bill of information was filed charging Maston with one count of attempted breaking and entering, a first-degree misdemeanor. Maston appeared in court with counsel shortly thereafter. After a complete Crim.R. 11 colloquy, he knowingly, intelligently, and voluntarily pled guilty to the charge. The matter was set for sentencing following a presentence investigation report (PSI).

{¶ 4} The parties reconvened in court on November 10, 2020. After personally

addressing Maston, the trial court sentenced him to a suspended 180-day jail term and community control sanctions for up to five years. The court further ordered Maston to pay agreed-upon restitution to Tincher in the amount of $275, court costs, a supervision fee of $250, and the sum of $130 to the assigned counsel budget. The court made a finding that Maston had the present and future ability to pay the assigned counsel fee and the restitution amount. Maston now appeals.

## II. Analysis

{¶ 5} Maston assigns three errors for our consideration:

1. THE TRIAL COURT ERRED IN DENYING APPELLANT THE RIGHT TO ALLOCUTION.

2. THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO COMMUNITY CONTROL SANCTIONS.

3. THE TRIAL COURT ERRED IN ASSESSING COURT-APPOINTED COUNSEL FEES AGAINST APPELLANT.

## A. Allocution

{¶ 6} In his first assignment of error, Maston contends he was denied his right to allocution at the sentencing hearing. Specifically, Maston maintains the trial court cut him off a number of times, effectively denying him the opportunity to make a statement on his behalf or present information in mitigation of punishment. We disagree.

{¶ 7} Crim.R. 32(A) affords every criminal defendant the right to speak in mitigation of punishment. *State v. Collier*, 2d Dist. Clark Nos. 2006-CA-102, 2006-CA-104, 2007-Ohio-6349, ¶ 92. "[T]he inquiry is much more than an empty ritual: it represents a defendant's last opportunity to plead his case or express remorse." *State v. Green*, 90

Ohio St.3d 352, 359-60, 738 N.E.2d 1208 (2000). The right to allocution applies equally to felony and misdemeanor convictions. *Collier* at ¶ 92. "In a case in which the trial court has imposed sentence without first asking the defendant whether he or she wishes to exercise the right of allocution created by Crim.R. 32(A), resentencing is required unless the error is invited error or harmless error." *State v. Campbell*, 90 Ohio St.3d 320, 326, 738 N.E.2d 1178 (2000).

{¶ 8} At the sentencing hearing, the trial court directly addressed Maston and asked if there was anything he wished to tell the court before sentencing. This represented an unambiguous invitation to speak in mitigation of punishment in accordance with Crim.R. 32(A). *See, e.g., State v. Roach*, 7th Dist. Belmont No. 15 BE 0031, 2016-Ohio-4656, ¶ 7-11. Maston accepted the invitation, proceeding to apologize and explaining how he felt he wasted the time of the court, himself, and all involved. Seemingly incredulous, the court questioned Maston's assertion that he had wasted his own time. Maston clarified that he and the prosecuting witness, who was the mother of his child, could have handled the situation better. The court reiterated its astonishment and asked defense counsel if he had anything to add.

{¶ 9} Defense counsel steered the conversation toward mitigation evidence, offering that Maston was working full time at Kroger and intended to pay restitution within 30 days. Counsel further indicated that Maston understood any contact with the prosecuting witness needed to occur through the appropriate channels, and that Maston would refrain from entering onto her property.

{¶ 10} After these remarks from Maston and counsel, the trial court chastised Maston for failing to take responsibility for his actions during his PSI interview and at

sentencing. It was then that Maston repeatedly attempted to break in, but the court did not permit him to speak further.

{¶ 11} On this record, we do not find that Maston was denied his right to allocution. The trial court clearly permitted Maston to address the court and speak on his own behalf. Indeed, Maston availed himself of the opportunity. Continuing a theme from his PSI interview, he disclaimed fault in the altercation with Tincher. That Maston's remarks drew criticism from the trial court, which declined to entertain further justifications from him, did not amount to a deprivation of allocution. *Compare State v. Smith*, 2d Dist. Greene No. 94-CA-86, 1995 WL 655943, *3 (Nov. 8, 1995) (observing that "the right of allocution does not provide an accused with the opportunity to vent his spleen with some superfluous diatribe").

{¶ 12} Even if we were to find the trial court prematurely cut him off, Maston has not demonstrated prejudice from the interruption. "Interruptions by the trial court during the allocution process do not necessarily result in prejudicial error requiring reversal." *State v. Brockington*, 6th Dist. Sandusky No. S-18-035, 2019-Ohio-1812, ¶ 11. As stated, both Maston and defense counsel were provided the opportunity to address the court in mitigation of punishment on Maston's behalf. In addition, it appears Maston remained steadfast in his denial of blame rather than seeking to impart additional information relating to mitigation. *See State v. Copeland*, 12th Dist. Butler No. CA2007-02-039, 2007-Ohio-6168, ¶ 18-20. We conclude that Maston did not suffer prejudice under these circumstances.

{¶ 13} The first assignment of error is overruled.

## B. Community Control Sentence

{¶ 14} In his second assignment of error, Maston challenges the sentence of community control imposed by the trial court. In view of the fact that he pled guilty to a misdemeanor offense, Maston notes the trial court improperly indicated it had considered the purposes and principles of sentencing and the seriousness and recidivism factors at the sentencing hearing. *See* R.C. 2929.11 and 2929.12. The judgment entry further indicates the court considered the factors in R.C. 2929.12. Accordingly, Maston contends his community control sentence was premised upon improper legal authority.

{¶ 15} Maston further questions the wisdom of community control as the penalty in this case, countering many of the attendant sanctions as inapplicable. He insists the trial court wrongly treated this like a domestic violence/anger management/substance abuse matter rather than a matter wherein an individual improperly attempted to retrieve his money. We find no merit to these arguments.

{¶ 16} This court enunciated the standards governing misdemeanor sentencing in *State v. Bakhshi*, 2d Dist. Montgomery No. 25585, 2014-Ohio-1268, as follows:

When sentencing for a misdemeanor offense, the trial court is guided by the "overriding purposes of misdemeanor sentencing," which are to protect the public from future crime by the offender and others and to punish the offender. R.C. 2929.21(A); *State v. Collins*, 2d Dist. Greene No. 2012-CA-2, 2012-Ohio-4969, ¶ 9. "To achieve those purposes, the sentencing court [must] consider the impact of the offense upon the victim and the need for changing the offender's behavior, rehabilitating the offender, and making restitution to the victim of the offense, the public, or the victim and the public." R.C. 2929.21(A). The sentence imposed must be "reasonably

calculated to achieve the two overriding purposes of misdemeanor sentencing * * *, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar offenses committed by similar offenders." R.C. 2929.21(B); *Collins* at ¶ 9.

"A trial court is also required to consider the nature and circumstances of the offense, whether there was a history of persistent criminal activity or character that reveals a substantial risk of the offender committing another offense, and numerous other factors related to the offender and the offense. R.C. 2929.22(B). However, in misdemeanor sentencing, there is no requirement that a trial court specifically state its reasons for imposing the sentence that it does on the record. *State v. Jackson*, 2d Dist. Montgomery No. 20819, 2005-Ohio-4521, ¶ 16, citing *State v. Harpster*, 5th Dist. Ashland No. 04COA061, 2005-Ohio-1046." *Collins* at ¶ 10. "If the sentence imposed is within permissible statutory limits, a reviewing court will presume that the trial court considered the sentencing factors in R.C. 2929.22(B), absent a showing to the contrary." *State v. Johnson*, 2d Dist. Greene No. 04-CA-126, 2005-Ohio-6826, ¶ 9.

We review misdemeanor sentences for an abuse of discretion. *State v. Peagler*, 2d Dist. Montgomery No. 24426, 2012-Ohio-737, ¶ 3. *Bakhshi* at ¶ 47-49.

{¶ 17} In light of the foregoing standards, the trial court was not required to discuss any of the misdemeanor sentencing factors on the record or make explicit findings to

support Maston's sentence. *State v. Jackson*, 2d Dist. Montgomery No. 20819, 2005-Ohio-4521, ¶ 13. The question becomes, does a trial court commit reversible error when it references the statutory authority for felonies in imposing a misdemeanor sentence? Our opinion in *State v. Sullivan*, 2d Dist. Montgomery No. 22122, 2008-Ohio-2088, is instructive in answering this inquiry.

{¶ 18} Jamise Sullivan was convicted of fourth-degree misdemeanor trespass following a bench trial and was sentenced to five years of community control sanctions. *Id.* at ¶ 1. As in the case sub judice, Sullivan challenged the fact that the trial court cited to the felony sentencing statutes in handing down her sentence. *Id.* at ¶ 9. On direct appeal, we reasoned:

> * * * Sullivan has failed to demonstrate more than harmless error. The purposes of felony and misdemeanor sentencing are the same-see R.C. 2929.11 and 2929.21-and the factors to be considered in achieving those purposes are similar, although the misdemeanor factors are set out in more abbreviated fashion than the felony factors. See R.C. 2929.12, 2929.22.
>
> The trial court declined to impose any jail time, although trespass is punishable by up to thirty days incarceration. A sentence of up to five years of community control sanctions is permitted by R.C. 2929.25 and, on this record, that sentence was well within the discretion of the trial court to impose.

*Id.* at ¶ 10-11.

{¶ 19} Here, as in *Sullivan*, the trial court imposed five years of community control

rather than a jail term. Maston's sentence was authorized by R.C. 2929.25. Furthermore, the sentence comported with the purposes of misdemeanor sentencing – *see* R.C. 2929.21 and 2929.22 – which are similar to the felony sentencing factors cited by the trial court. *Sullivan* at ¶ 10. *Accord State v. Ostrander*, 6th Dist. Fulton No. F-10-011, 2011-Ohio-3495, ¶ 37; *State v. Brown*, 2d Dist. Montgomery No. 22467, 2008-Ohio-4920, ¶ 25. We thus conclude that the record does not demonstrate the trial court failed to consider the relevant factors in sentencing Maston.

{¶ 20} Moreover, contrary to Maston's arguments, we find the trial court acted within its discretion in imposing five years of community control and in devising its sanctions. To be sure, conditions of community control "cannot be overly broad so as to unnecessarily impinge upon the probationer's liberty." *State v. Jones*, 49 Ohio St.3d 51, 52, 550 N.E.2d 469 (1990). The Ohio Supreme Court directed that courts consider whether a given condition "(1) is reasonably related to rehabilitating the offender, (2) has some relationship to the crime of which the offender was convicted, and (3) relates to the conduct which is criminal or reasonably related to future criminality and serves the statutory ends of probation." *Id.* at 53.

{¶ 21} Maston advocates in favor of a suspended jail sentence and financial sanctions rather than community control. In particular, he takes issue with the sanctions pertaining to intensive probation supervision with a domestic violence specialist, domestic violence counseling, and no contact with Tincher, the mother of his child. Maston notes that Tincher did not suffer any physical injury as a result of the incident and emphasizes that his criminal history demonstrates only convictions for minor alcohol and drug offenses and criminal damaging.

{¶ 22} Contrary to Maston's arguments, we find the community control sanctions imposed by the trial court were reasonably related to rehabilitating Maston, bore a relationship to the offense at hand, pertained to his criminal conduct, and served to curtail that conduct for the duration of the community control term. Pursuant to Maston's own statements during the PSI interview, the confrontation that led to the charge in this case was precipitated by a separate domestic incident for which Maston was taken into custody. Tincher reported that Maston threatened her and that he had trespassed upon her property before. Maston's comments during the PSI interview indicated he saw no problem with his conduct in these domestic disputes and believed things were simply blown "out of proportion." Moreover, Maston's criminal history in the PSI revealed four disorderly conduct convictions, one criminal damaging conviction, four minor drug and alcohol convictions, and one unspecified misdemeanor attempt offense.

{¶ 23} In light of the relationship between the parties, the recurrence of domestic strife, and Maston's prior convictions, the trial court reasonably could have concluded that Maston's conduct warranted the imposition of community control sanctions designed to protect Tincher and address the domestic violence issues plaguing the couple. We conclude that the trial court did not abuse its discretion in fashioning Maston's sentence.

{¶ 24} The second assignment of error is overruled.

### C. Court-Appointed Counsel Fees

{¶ 25} In his third assignment of error, Maston challenges the trial court's assessment of $130 in appointed counsel fees as part of his criminal sentence, citing the Ohio Supreme Court's recent decision in *State v. Taylor*, Ohio Slip Opinion No. 2020-Ohio-6786, __ N.E.2d __, which, as in this case, included reimbursement of counsel fees

as one of the "financial obligations" in the community control sentencing entry without an explanation that counsel fees are a civil assessment and not part of the sentence. The state concedes the error, noting that *Taylor* requires the payment of counsel fees to be ordered by way of a separate entry or, alternatively, the judgment entry of conviction must note said fees are a civil assessment rather than part of the criminal sentence. Maston maintains the invalid portion of the order should be vacated, whereas the State asks us to vacate and remand for entry of a separate civil assessment.

{¶ 26} Indeed, *State v. Taylor* is a fractured decision on the issue of assessment of appointed counsel fees. Authoring Justice Fischer, joined by Chief Justice O'Connor and Justice French, opined:

> * * * [W]e conclude that while such fees may be assessed at the sentencing hearing, they cannot be included as a part of the offender's sentence. Though, if the assessment of the fees is included in the sentencing entry, the court must note that the assessment of the court-appointed-counsel fees is a civil assessment and is not part of the defendant's sentence. To avoid confusion, the best practice would be to include the order in a separate entry, apart from the sentence.

*Id.* at ¶ 37. Those Justices specifically said, "[w]e express no opinion on whether a new order imposing court-appointed-counsel fees on Taylor may be entered in accordance with this opinion and other applicable law." *Id.* at ¶ 38.

{¶ 27} Justice DeWine, concurring in part and dissenting in part, joined by Justice Kennedy, "would * * * remand the case to the trial court for it to issue a separate entry imposing the fees." *Id.* at ¶ 41. Justice Donnelly, also concurring in part and dissenting in

part, joined by Justice Stewart, agreed that the fee order should be vacated, but concluded that the process of collecting such fees cannot be addressed at sentencing and must be processed civilly after approval of the fees by the county auditor and payment by the treasurer. *Id.* at ¶ 42-53. Nonetheless, each of the Justices in *Taylor* concluded that the order of payment of counsel fees in the sentencing entry, even though stated as a condition of community control, should be vacated, at least where imposed without an explanation that it represents a civil assessment and not part of the criminal sentence.

{¶ 28} We recently addressed appointed counsel fees in *State v. Nicholas*, 2d Dist. Champaign No. 2020-CA-21, 2021-Ohio-1669. Scrutinizing the law in the wake of the Ohio Supreme Court's *Taylor* decision, we noted that an order to pay court-appointed counsel fees could not be incorporated into a criminal sentence because counsel fees are not directly enforceable as a criminal sanction. *Id.* at ¶ 7, citing *Taylor* at ¶ 35. However, in *Nicholas*, the clerk of courts listed the counsel fee obligation in its itemized cost bill. Although we stated that the trial court must enter a separate civil judgment for the attorney fees, *Nicholas* at ¶ 8, in this author's view, that statement was not the holding of *Nicholas* and was not supported by a majority of the Justices' opinions in *Taylor*. Again, however, what was apparent was that the inclusion of counsel fees in the cost bill should be vacated.

{¶ 29} In the case at bar, like in *Taylor,* the trial court clearly incorporated its order to pay appointed counsel fees with the remaining financial sanctions comprising Maston's conditions of community control. Relying on *Taylor*, that portion of the order, at least insofar as there is no explanation that it represents a civil assessment and not part of the criminal sentence, was erroneous and must be vacated. We, too, "express no opinion

on whether a new order imposing court-appointed-counsel fees on [Maston] may be entered in accordance with this opinion and other applicable law." *See Taylor* at ¶ 38.

**{¶ 30}** The third assignment of error is sustained.

### III. Conclusion

**{¶ 31}** Maston's first and second assignments of error having been overruled, we hereby affirm his sentence in all respects save the improper assessment of court-appointed counsel fees. Having sustained Maston's third assignment of error, we hereby vacate the portion of the trial court's order requiring him to pay $130 to the assigned counsel budget.

. . . . . . . . . . . . .


DONOVAN, J. and EPLEY, J., concur.


Copies sent to:

Mathias H. Heck, Jr.
J. Joshua Rizzo
David R. Miles
Hon. Mary Katherine Huffman