[Cite as *State v. Rodriguez*, 2021-Ohio-2295.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## SENECA COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                  CASE NO. 13-20-07

    v.

FLORENTINO RODRIGUEZ,            O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Seneca County Common Pleas Court
Trial Court No. 19 CR 128

Judgment Affirmed in Part and Vacated in Part

Date of Decision: July 6, 2021

APPEARANCES:

    *Autumn D. Adams* for Appellant

    *Rebeka Beresh* for Appellee

**ZIMMERMAN, J.**

{¶1} Defendant-appellant, Florentino Rodriguez ("Rodriguez"), appeals the February 19, 2020 judgment entry of sentence of the Seneca County Court of Common Pleas. We affirm in part and vacate in part.

{¶2} On July 3, 2019, the Seneca County Grand Jury indicted Rodriguez on the following criminal charges: Count One of trafficking in cocaine in violation of R.C. 2925.03(A)(2), (C)(4)(e), a first-degree felony; Count Two for trafficking in marijuana in violation of R.C. 2925.03(A)(2), (C)(3)(d), a second-degree felony; and Count Three of possessing of criminal tools in violation of R.C. 2923.24(A), (C), a fifth-degree felony.[1] (Doc. No. 2). Counts One and Two of the indictment included specifications indicating that the offenses were committed in the vicinity of a juvenile and for property forfeiture. (*Id.*).

{¶3} Rodriguez appeared for arraignment on July 17, 2019 and entered pleas of not guilty. (July 17, 2019 Tr. at 6); (Doc. No. 6). However, on January 27, 2020 Rodriguez withdrew his pleas of not guilty and entered guilty pleas under a negotiated-plea agreement. (Doc. Nos. 23, 24). In exchange for his guilty pleas to Counts One, Two, and Three (as charged) in the indictment (including the

---

[1] On January 27, 2020, the State later sought amendment of the indictment under Crim.R. 7(D) as to a clerical error in Count Two. (Doc. No. 22). (*See* Jan. 27, 2020 Tr. at 4-5). Specifically, the State sought the deletion of the language describing the penalty as "a minimum mandatory term", which the trial court later granted on January 27, 2020 by a judgment entry file stamped January 29, 2020. (Doc. Nos. 22, 25). (*See* Jan. 27, 2020 Tr. at 4-5).

specifications as to Counts One and Two) the parties agreed to a joint-sentencing recommendation. (*Id.*). Specifically, the parties agreed that Rodriguez pay ($17,500) in mandatory fines as to Counts One and Two "unless determined indigent" and to "pay court costs".[2] (Doc. Nos. 23, 24, 27); (Feb. 18, 2020 Tr. at 2-17). (*See* Jan. 27, 2020 Tr. at 4-18). The trial court conducted a Crim.R. 11 colloquy, accepted Rodriguez's guilty plea, found Rodriguez's guilty of the offenses, set the sentencing hearing for a later date, and the parties jointly agreed to waive the preparation of a presentence investigation report ("PSI"). (*Id.*); (*Id.*). Important to appellant's appeal, prior to his sentencing hearing, Rodriguez filed an affidavit of indigency under R.C. 2925.03(L).[3] (Doc. No. 26).

{¶4} On February 18, 2020, the trial court sentenced Rodriguez consistent with the parties' agreement. (Doc. Nos. 23, 28). Specifically, the trial court ordered Rodriguez to serve an indefinite mandatory prison term of five years under Count One; an indefinite prison term of five years under Count Two; and a definite prison term of 10 months as to Count Three. (Doc. No. 28). The indefinite mandatory prison term under Count One; the indefinite prison term under Count Two, and the

---

[2] In addition to the foregoing, the parties agreed to recommend a mandatory term as to Count One and a stated term as to Count Two of five years (each) to be served concurrently to one another and concurrent to a stated prison term of 10 months as to Count Three. (Doc. No. 23). Moreover, the parties agreed to recommend a total stated mandatory indefinite prison term of five years with a maximum indefinite prison term of seven and a half years. (*Id.*).

[3] Notably, there is not a division L under R.C. 2925.03. *See* R.C. 2925.03. Indeed, the trial court's determination of indigency as to the offender's ability to pay the mandatory fine herein is under R.C. 2929.18(B)(1). *See* R.C. 2929.18(B)(1).

definite prison term under Count Three were ordered to be served concurrently to one another for a total stated indefinite mandatory prison term of a minimum of five years with a maximum indefinite prison term of seven and a half years.[4] (*Id.*). Then, the trial court waived the $17,500 in mandatory fines and ordered Rodriguez to pay the costs of prosecution, *court-appointed-counsel fees*, and any fees under R.C. 2929.18(A)(4) as well as all fees allowed under R.C. 2947.23 pursuant to the parties joint-sentencing recommendation.[5] (*Id.*).

{¶5} On March 30, 2020, Rodriguez filed a notice of appeal raising two assignments of error for our review, which we will address separately and out of order. (Doc. No. 32).

**Assignment of Error II**

**The Trial Court failed to consider Appellant's ability to pay the financial sanction imposed, thus the imposition of the financial sanctions was in plain error and must be vacated.**

{¶6} In his second assignment of error, Rodriguez argues that the trial court erred when it failed to engage in an ability-to-pay determination as to the imposition of his financial sanctions.

{¶7} Before we begin our analysis, we must address a preliminary jurisdictional issue. After reviewing Rodriguez's second assignment of error, we conclude it is ambiguous as whether he is arguing the imposition of mandatory fines

---

[4] Rodriguez was given 8 days' jail-time credit. (Doc. No. 28).
[5] The trial court rendered judgment for the court costs under R.C. 2947.23. (Doc No. 28).

and court costs and the assessment of court-appointed-counsel fees or *solely* court-appointed-counsel fees. Moreover, he lays out a standard of review and presents an assignment of error directing us to R.C. 2929.18 discussing financial sanctions.

{¶8} "[T]he General Assembly has specifically required [trial] courts to include financial sanctions, fines, and court costs as part of the defendant's sentence." *See State v. Taylor*, ___Ohio St.3d___, 2020-Ohio-6786, ¶ 35, citing R.C. 2929.18 and R.C. 2947.23; *State v. Stapleton*, 3d Dist. Allen No. 1-19-99, 2020-Ohio-852, ¶ 6, citing R.C. 2929.18(A) (noting that "the statute specifically differentiates court costs under R.C. 2947.23 from financial sanctions by saying that financial sanctions may be imposed 'in addition to' court costs"). Conversely, in *Taylor*, the Supreme Court of Ohio held that "there is no statutory authority allowing a trial court to 'sentence' a defendant to pay court-appointed-counsel fees, [and that] such an order cannot be included as part of the defendant's sentence." *Id.* We conclude to the extent that Rodriguez argues that court-appointed-counsel fees are financial sanctions under R.C. 2929.18 his argument is without merit.

{¶9} Here, and under the terms of the State and Rodriguez's agreed-upon sentence detailed in the joint-sentencing recommendation, Rodriguez agreed to pay the mandatory fines unless he was determined to be indigent pursuant to the trial court's ability-to-pay determination. (Doc. No. 23). The trial court ultimately determined Rodriguez to be indigent, and waived the $17,500 in mandatory fines

imposed. (Doc. No. 28); (Feb. 18, 2020, Tr. at 2). Further, Rodriguez agreed to pay court costs as part of that same recommendation. Thus, any determination as to financial sanctions (none of which were imposed), his mandatory fines (which were imposed and waived) and court costs (ordered imposed in the sum of $752.50) are barred from review by this court under R.C. 2953.08(D)(1) because the State and Rodriguez had an agreed-upon sentence with a joint-sentencing recommendation that the trial court implicitly adopted (without deviation) and that was "authorized by law". *See State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, ¶ 16, citing R.C. 2953.08(D)(1); *State v. Sergent*, 148 Ohio St.3d 94, 2016-Ohio-2696, ¶ 15. (*See also* Doc. Nos. 23, 24, 26, 27, 28). Accordingly, we conclude that we are precluded from reviewing any of the foregoing issues under R.C. 2953.08(D)(1).

{¶10} Lastly, we turn to Rodriguez's argument that the trial court erred by failing to engage in an ability-to-pay determination as to his court-appointed-counsel fees. Notwithstanding his argument, the record reveals that all times relevant to the proceedings, Rodriguez was represented by *privately-retained counsel*.[6] (*See* Doc. Nos. 1, 5, 6, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 23, 24, 25, 26, 27, 28, 29, 30). Consequently, there are no court-appointed-counsel fees owed herein. After our review of the record, it appears that the trial court made a superfluous order for Rodriguez to pay court-appointed-counsel fees. (*See* Doc.

---

[6] We note that the case file contains no appointment notice, no financial disclosure form (ODP-206R); and no motion, entry, and certification for appointed counsel fees.

No. 28). Nevertheless, we cannot say that the trial court erred by failing to determine that Rodriguez had the ability to pay his court-appointed-counsel fees when he had no court-appointed counsel in the first instance. Error here *if any* is harmless. *See* Civ.R. 61; R.C. 2309.59. *See also* Crim.R. 52(A).

{¶11} The Supreme Court of Ohio recently held in its *Taylor* decision that R.C. 2941.51 plainly states that court-appointed-counsel fees shall not be assessed as "cost" and are not "reimbursements" within the meaning of R.C. 2929.18. *See Taylor*, ___Ohio St.3d___, 2020-Ohio-6786, ¶ 38; *State v. Maston*, 2d Dist. Montgomery No. 28956, 2021-Ohio-1975, ¶ 29, citing *Taylor* at ¶ 38. Therefore, even though we concluded that there are *no* court-appointed-counsel fees owed herein and that the trial court's order is *superfluous*, the inclusion of that statement in the financial-obligations and recoupment section of the judgment entry of sentence is, nonetheless, errant. *See Taylor* at ¶ 38; *Maston* at ¶ 29.

{¶12} Accordingly, we overrule Rodriguez's second assignment of error to the extent he argues the trial court failed to engage in an ability-to-pay determination as to court-appointed-counsel fees and vacate the portion of the trial court's sentencing entry imposing court-appointed-counsel fees upon Rodriguez, specifically excising the words ", Court appointed counsel costs" from the trial court's sentencing entry. *See Taylor* at ¶ 39; *Maston* at ¶ 29.

## Assignment of Error I

**Reagan Tokes is unconstitutional as it vests sentencing power in the Executive Branch and fails to afford Appellant access to an attorney at any disciplinary hearing while he is ODRC's custody.**

{¶13} In his first assignment of error, Rodriguez asserts that the trial court erred in sentencing him under the Reagan Tokes Law because it violates the constitutional requirement of separation of powers and his right to procedural due process of law, thus, rendering his sentence contrary to law.

*Standard of Review*

{¶14} Under R.C. 2953.08(G)(2), an appellate court will reverse a sentence "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. Clear and convincing evidence is that "'which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Id.* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

*Analysis*

{¶15} Rodriguez's raises the identical constitutional-facial challenges as to his separation-of-powers and procedural-due-process arguments, which we previously addressed in *State v. Hacker*, and now Rodriguez asks us to reverse

course. *State v. Hacker*, 3d Dist. Logan No. 8-20-01, 2020-Ohio-5048, ¶ 22. In *State v. Crawford*, we recently declined to revisit our precedent in *Hacker*. *State v. Crawford*, 3d Dist. Henry No. 7-20-05, 2021-Ohio-547, ¶ 10. Moreover, in *Crawford*, we concluded that Crawford's constitutional-as-applied challenge on procedural-due-process grounds was not yet ripe. *Id.* at ¶ 11-13. To the extent that Rodriguez argues that we should revisit the facial challenges under *Hacker* and the as-applied challenges under *Crawford*, we conclude his arguments are without merit. *See id.* at ¶ 10-13; *Hacker* at ¶ 22.

{¶16} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

***Judgment Affirmed in Part***
***and Vacated in Part***

**SHAW, J., concurs.**

**/jlr**

**MILLER, J., concurring separately.**

{¶17} In his second assignment of error, Rodriguez complains the trial court erred by imposing financial sanctions without first ascertaining his ability-to-pay. I find no merit in this claim, but do not see the need to vacate this portion of the trial court's sentencing order. For this reason, I write separately.

**{¶18}** In his second assignment of error, Rodriguez asserts the trial court committed plain error when it imposed financial sanctions without inquiring as to his present and future ability to pay. In support of his argument, Rodriguez quotes the trial court's statement at sentencing: "[Appellant is] ordered to pay all costs of prosecution, court-appointed counsel costs and fees permitted under 2929.18(A)(4), all fees allowed under Revised Code Section 2947.23, and judgment is rendered against him for such costs pursuant to Revised Code Section 2947.23." (Feb. 18, 2020 Tr. at 16-17.) This finding was also incorporated into the trial court's judgment entry of sentence filed on February, 19, 2020. What specific financial sanctions Rodriguez finds to be offensive is unclear from his argument. Rather, he treats them collectively with the general complaint that the trial court did not ascertain his present or future ability to pay financial sanctions as required by R.C. 2929.19(B)(5). The State infers this argument only applies to the trial court imposing attorney fees with its total response to the assignment of error as follows: "[Rodriguez] should be entitled to a hearing on whether he should be required to pay his attorney fees. Since the record is without evidence that the trial court considered whether [Rodriguez] has the present or future ability to pay said fees, this case should be remanded to the trial court for such a determination."

**{¶19}** In reality, there were no financial sanctions imposed as part of the sentence. Nor were there court-appointed-counsel fees to be collected because,

contrary to the arguments presented on appeal, Rodriguez was represented by retained counsel throughout the trial court proceedings. There were no general fines imposed as punishment and the mandatory fines required by R.C. 2929.18(B)(1) were waived upon Rodriguez filing an appropriate affidavit of indigency. The only financial expenses Rodriguez was required to pay were the court costs. See R.C. 2947.23 (requiring the judge to include the costs of prosecution in the sentence imposed in a criminal case). Rodriguez filed a motion to pay only $5.00 per month towards this expense. (Jan. 27, 2020 Tr. at 3) The State did not object to this request and the court granted the motion in an entry filed on February 19, 2020. In granting this motion the trial court indirectly conducted an ability to pay analysis.

{¶20} Recently, the Supreme Court of Ohio decided *State v. Taylor*, ____ Ohio St.3d ____, 2020-Ohio-6786 holding that "a trial court in a criminal case may assess court-appointed-counsel fees against a defendant without making specific findings on the record to justify the fee assessment." *Id.* at ¶ 2. The Court further held "that an order for payment of court-appointed-counsel fees cannot be included as a part of the defendant's sentence for a criminal conviction." *Id.* While such fees may be ordered at the time of sentencing and may be listed in the sentencing entry, they are a civil matter and may not be imposed as part of the sentence. *Id.* To avoid any confusion in this regard, the Court indicated the best practice would be for trial courts to identify and assess court-appointed-counsel fees in an entirely separate

journal entry. *Id.* Because the trial court in *Taylor* clearly incorporated its assessment of court-appointed-attorney fees in the "Financial Obligations" section of the sentencing entry as well as the "Reimbursements Payable" section, the Court found imposition of these fees to have been erroneously imposed as part of the sentence. Therefore, the Court vacated this portion of the sentence ordering the defendant to pay court-appointed-counsel fees. *Id.* at ¶ 6 and ¶ 38.

{¶21} In the instant case the parties jointly recommended the sentence to be imposed which included the prison terms; the payment of mandatory fines, unless waived by the trial court, and the payment of court costs. The trial court expressly indicated to Rodriguez it would adopt the sentence recommendation. (Feb. 18, 2020 Tr. at 6.)

{¶22} The majority opinion correctly finds this joint-sentencing recommendation, adopted by the trial court, precludes our review of the sentence imposed, including the court costs which the trial court is statutorily required to impose. The majority then finds the trial court's statement that Rodriguez was required to pay "court-appointed-counsel costs" to be erroneous. However, because Rodriguez was represented by retained counsel, meaning there were no court-appointed-counsel costs, the majority finds this to be harmless error. Nevertheless, the majority proceeds to vacate that part of the sentencing order and excises the harmless, superfluous language from the trial court's sentencing order.

{¶23} In *Taylor*, the Court found the trial court's ordering the defendant to pay court-appointed-counsel cost to be a part of the sentence. For this reason, the Court vacated the portion of the sentencing entry imposing the court-appointed-counsel fees. In contrast, because there were no court-appointed-counsel fees in the instant case, the defendant could not be made to pay them as part of his sentence. This statement was simply part of the rote verbiage trial courts sometimes include as part of a sentencing hearing.[7] I do not find the logic in vacating something that is not part of the sentence and which we find to be harmless and superfluous. I am of the opinion this would not be a good precedent to establish.

{¶24} I concur with my colleagues' disposition of the first assignment of error.

---

[7] In consideration of the guidance provided by the Supreme Court of Ohio in *Taylor*, trial courts would be well advised to refrain from such routine statements in the future.