[Cite as *State v. Nelson*, 2022-Ohio-3520.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HARDIN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,           CASE NO. 6-22-07

    v.

TREVER DYLAN NELSON,           O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Hardin County Common Pleas Court
Trial Court No. CRI-2021-2097

Judgment Affirmed

Date of Decision: October 3, 2022

APPEARANCES:

    *Howard A. Elliott* for Appellant

    *Andrew R. Tudor* for Appellee

Case No. 6-22-07

**SHAW, J.**

{¶1} Defendant-Appellant, Trever D. Nelson ("Nelson"), appeals his conviction and sentence from the Hardin County Court of Common Pleas.

*Facts and Procedural History*

{¶2} On July 15, 2021, Nelson was charged in a four-count indictment with the offenses of aggravated possession of drugs, a fifth-degree felony (Count 1), failure to verify address, a first-degree felony (Count 2), failure to provide notice of change of address, a first-degree felony (Count 3), and failure to register, a first-degree felony (Count 4). Nelson entered into a negotiated plea agreement and pled guilty to Counts 1 and 2. The trial court accepted Nelson's plea and entered a finding of guilty. The trial court ordered a presentence investigation and set the matter for a sentencing hearing on March 31, 2022.

{¶3} After the sentencing hearing, the trial court sentenced Nelson to ten months in prison on Count 1 and four years on Count 2, to be served consecutively, for an aggregated prison term of four years and ten months. As to both counts, the trial court ordered Nelson to pay court-appointed-counsel fees. The trial court also dismissed the remaining counts of the indictment as part of the plea agreement. Nelson filed a notice of appeal, raising two assignments of error for our review.

**ASSIGNMENT OF ERROR NO. 1**

**The trial court, having imposed a term of incarceration, properly [sic] imposed a financial sanction directing that the**

-2-

**Defendant/Appellant pay court appointed counsel fees without having determined as a prerequisite, the ability of the Defendant to pay same.**

**ASSIGNMENT OF ERROR NO. 2**

**The charge of failure to verify address may not be sustained without the State first demonstrating that the appropriate notice under Ohio Revised Code § 2950.06(G) was generated and transmitted pursuant to statute and where the record does not reflect that was done, conviction for violation of Ohio Revised Code § 2950.06(F), failure to verify address of sex offender, cannot be sustained.**

*First Assignment of Error*

**{¶4}** In his first assignment of error, Nelson argues that the trial court erred when it failed to determine his ability to pay court-appointed-counsel fees as a prerequisite to imposing such a financial sanction.

**{¶5}** We begin our analysis by noting that, in *State v. Rodriguez*, 3d Dist. Seneca No. 13-20-07, 2021-Ohio-2295, we concluded, "to the extent that [appellant] argues that court-appointed-counsel fees are financial sanctions under R.C. 2929.18 his argument is without merit." *Rodriguez* at ¶ 8. It is stated in *Rodriguez* that the Ohio Supreme Court has held that " 'there is no statutory authority allowing a trial court to "sentence" a defendant to pay court-appointed-counsel fees, [and that] such an order cannot be included as part of the defendant's sentence.' " *Id.,* quoting *State v. Taylor*, 163 Ohio St.3d 508, 2020-Ohio-6786, ¶

35. Accordingly, to the extent Nelson presents an assignment of error directing us to R.C. 2929.18 discussing financial sanctions, his argument is without merit.

{¶6} As relevant here, R.C. 2941.51(D) states in pertinent part:

**The [appointed-counsel] fees and expenses approved by the court under this section shall not be taxed as part of the costs and shall be paid by the county. However, if the person represented has, or reasonably may be expected to have, the means to meet some part of the cost of the services rendered to the person, the person shall pay the county an amount that the person reasonably can be expected to pay.**

{¶7} In this case, as part of the plea agreement, the parties agreed to a joint recommendation as it pertained to Nelson paying his court-appointed-counsel fees. (Mar. 3, 2022 Tr. at 4). At the time of sentencing, the trial court made the following finding: "Defendant has, or reasonably may be expected to have, the means to pay" "court-appointed-counsel fees." (Doc. No. 44 at p. 5). The trial court then ordered Nelson to pay court-appointed-counsel fees.

{¶8} Moreover, since the record indicates Nelson agreed to the trial court ordering the payment of court-appointed-counsel fees, any error in the trial court's order was invited by Nelson, and therefore, he cannot take advantage of this alleged error upon appeal. Pursuant to the "invited error" doctrine, a party may not " 'take advantage of an error which [that party] invited or induced.' " *State v. Campbell*, 90 Ohio St.3d 320, 324, 2000-Ohio-183, quoting *Hal Artz Lincoln-Mercury, Inc. v. Ford Motor Co.*, 28 Ohio St.3d 20 (1986), paragraph one of the syllabus.

Furthermore, having failed to object to the court-appointed-counsel fee order at the sentencing hearing, no manifest miscarriage of justice occurs by concluding that we are precluded from reviewing this because the State and Nelson had a joint recommendation that the trial court implicitly adopted and that was "authorized by law." *See Rodriguez* at ¶ 9; *see also State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, ¶ 16, citing R.C. 2953.08(D)(1); *State v. Sergent*, 148 Ohio St.3d 94, 2016-Ohio-2696, ¶ 15. Nelson's first assignment of error is overruled.

*Second Assignment of Error*

**{¶9}** In his second assignment of error, Nelson claims that his conviction of failure to verify a current address cannot be sustained because the State failed to prove that the Hardin County Sheriff's Office complied with the seven-day notice requirement of R.C. 2950.06(G)(1) prior to commencing prosecution. Nelson contends, for the first time on appeal, that there was no mention in his indictment or the essential facts constituting the offense charged that the statutorily required notification was met.

**{¶10}** The following additional facts are necessary for us to evaluate this assigned error. Nelson is a convicted sex offender who is required to periodically verify his current address pursuant to R.C. Chapter 2950. On January 30, 2020, Nelson went to the Hardin County Sheriff's Office for his annual verification obligation. Reference was made to a form provided Nelson setting forth his

registration duties and informing him that his next verification was to be completed by January 30, 2021.

**{¶11}** Nelson failed to verify his address on the next scheduled date of January 30, 2021, and in July 2021, was indicted and then pled guilty as stated above to failing to provide verification of his current address, a violation of R.C. 2950.06(F). That section states that no person who is required to verify a current residence "shall fail to verify a current residence * * * by the date required for the verification as set forth in division (B) of this section," but that "no person shall be prosecuted * * * for a violation of this division * * * prior to the expiration of the period of time specified in division (G) of this section." R.C. 2950.06(B)(1) provides that an offender, like Nelson, comply with the registration verification requirement on the anniversary of the offender's initial registration date.

**{¶12}** Both R.C. 2950.06(G)(1) and (2), in turn, link a seven-day period to the mailing of a written warning to a sex offender. *State v. Williams*, 114 Ohio St.3d 103, 2007-Ohio-3268, ¶ 11. "In addition, R.C. 2950.06(G)(2) prohibits a prosecution for a violation of R.C. 2950.06(F) 'unless the seven-day period subsequent to that date that the offender * * * is provided under division (G)(1) of this section to verify the current address has expired.' " (Emphasis deleted.) *Id.*

{¶13} Criminal Rule 12(C)(2) mandates that " '[d]efenses and objections based on defects in the indictment' " must generally be raised before trial, and " 'failure to timely object to the allegedly defective indictment constitutes a waiver of the issues involved.' " *State v. Barton*, 108 Ohio St.3d 402, 2006-Ohio-1324, ¶ 73. *See also State v. Horner*, 126 Ohio St.3d 466, 2010-Ohio-3830, at paragraph three of the syllabus ("By failing to timely object to a defect in an indictment, a defendant waives all but plain error on appeal.").

{¶14} In any event, Nelson entered into a written plea agreement with the State in which he agreed to plead guilty to the offense of failure to verify an address. At the plea hearing, the trial court asked the prosecutor what the facts were and the prosecutor recited the facts surrounding the failure to verify as a sex offender. Nelson admitted that he failed to verify his current residence and that the State has evidence to prove his guilt beyond a reasonable doubt. (Mar. 3, 2022 Tr. at 26). Additionally, the trial court specifically advised Nelson that he was waiving any "technical defenses" he might have had. (*Id.* at 19-20). When the discussion returned to the matter of the registering later in the hearing, the trial court added: "That's why the prosecutor has to give your attorney all of the evidence. And that's what—I trust that's all done. That certainly is what this prosecutor's office regularly does, in my experience, so I would feel—and Mr. Kelley's done criminal work for years and years and years. You understand that?" (*Id.* at 39). Nelson responded:

"Yes, yes, I do." (*Id.*). The trial court also asked, "So, you know, he does a lot of this kind of thing so I trust that you are satisfied with his services, am I correct?" and Nelson replied, Yes, I am. (*Id.* at 40). Accordingly, the Court finds that Nelson's actions in voluntarily pleading guilty to failure to verify current address pursuant to negotiation and agreement while represented by counsel constitutes a waiver of his alleged error on appeal.

{¶15} The second assignment of error is overruled.

{¶16} For the foregoing reasons, the judgment of the trial court is affirmed.

*Judgment Affirmed*

**ZIMMERMAN, P.J. and WILLAMOWSKI, J., concur.**

**/jlr**